**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TROY RODDY,                                                                                      PLAINTIFF
ADC # 103051

v.                                    No. 2:11CV00004 JLH-JJV

WALTER HOLLOWAY, Health Services
Administrator/Infirmary Manager, East
Arkansas Regional Unit, Arkansas
Department of Correction; *et al.*                                              DEFENDANTS

<u>**ORDER**</u>

On January 6, 2011, Plaintiff, Troy Roddy, an inmate at the East Arkansas Regional Unit of

the Arkansas Department of Correction, filed a Application to Proceed Without Prepayment of Fees

and Affidavit (Application) (Doc. No. 1) and *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C.

§ 1983.  The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the

"three strikes" provision, codified at 28 U.S.C. § 1915(g).  *Martin v. Shelton*, 319 F.3d 1048, 1050

(8th Cir. 2003).  Section 1915(g) specifically provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (West 2010).

Plaintiff is a "three striker[1]."  However, in his Application he alleged imminent danger and

_____

[1]Roddy v. Duke, 5:00CV00030 GH (dismissed 5-5-00, affirmed on appeal 11-16-00); Roddy
v. Garland, 5:00CV00084-GH (dismissed 5-24-00, no appeal filed); Proctor, Roddy, et al. v. Norris;
5:00CV00097-WRW (dismissed 7-28-00, affirmed on appeal 5-11-01).  Additionally, Plaintiff has
had at least two § 1983 cases dismissed without prejudice pursuant to the three strikes rule. See
Roddy v. Hobbs; 5:03CV00170-WRW; Ford, et al. v. Norris, 5:04CV00003 JLH.

requested an exception to this provision of the Act.  This exception applies only if a threat of imminent danger exists at the time of the filing of the complaint.  *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.  *Martin*, 319 F.3d at 1050.

By Order dated March 14, 2011, United States Magistrate Judge Volpe granted Plaintiff's Motion.  However, it has now come to the Court's attention that Plaintiff was granted leave to proceed *in forma pauperis* based on nearly identical allegations of imminent danger in case number 5:10CV00140 JLH-JTR.  Therefore, the Court concludes that any issues of imminent danger are being addressed in that case, number 5:10CV00140 JLH-JTR, and Plaintiff's instant Application (Doc. No. 1) should be DENIED and his Complaint (Doc. No. 2) DISMISSED WITHOUT PREJUDICE pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).

With regard to the claims against United States Magistrate Judge Thomas Ray, Plaintiff's claims are DISMISSED WITH PREJUDICE.  "Judges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are 'taken in the complete absence of all jurisdiction.'"  *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997).  Plaintiff's claims clearly stem from Judge Ray's rulings in case number 5:10CV00140 JLH-JTR and Plaintiff's cause of action appears to be an attempt to forum shop rather than pursue his claims through proper legal process.

This Order VACATES the March 14, 2011, Order (Doc. No. 7) entered by United States Magistrate Judge Volpe, and collection of the filing fee by the Director of the Arkansas Department of Correction or his designee, or any future custodian, in this matter is no longer proper.

IT IS, THEREFORE, ORDERED THAT:

1.      Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) is DENIED.

2.      Plaintiff's Complaint (Doc. No. 2) is DISMISSED WITHOUT PREJUDICE pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).

3.      If Plaintiff wishes to pursue this case, he must submit, within thirty (30) days of the entry of this Order:   (a) the statutory filing fee of $350, in full, to the Clerk, noting the case style and number; and (b) file a motion to reopen the case.

4.      Plaintiff's claims against U.S. Magistrate Judge Thomas Ray are DISMISSED WITH PREJUDICE and Judge Ray is dismissed as a Defendant in this matter.

5.      All pending motions are DENIED as moot.

6.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

7.      The Clerk of the Court is directed to send a copy of this Order to: (1) the Warden of the East Arkansas Regional Unit, Arkansas Department of Correction, Post Office Box 180, Brickeys Arkansas 72320–0180; (2) the ADC Trust Fund Centralized Banking Office, Post Office Box 8908, Pine Bluff, Arkansas 71611; and (3) the Arkansas Department of Correction Compliance Office, Post Office Box 20550, Pine Bluff, Arkansas 71612-0550.

SO ORDERED this 1st day of April, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE